## MARIE BRADFORD *v.* CHECKER CAB CO.

5-4929                                    444 S. W. 2d 684

Opinion delivered September 8, 1969

[Rehearing denied October 13, 1969]

*Kenneth Coffelt* and *Howell, Price & Worsham,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

CONLEY BYRD, Justice. Appellant Marie Bradford was a passenger in an automobile that was rear-ended

by a taxi-cab owned and operated by appellee, Checker Cab Co., at 6th and Main Sts., Little Rock, on Sept. 21, 1965. From a jury verdict in favor of appellant for her personal injuries for $600.00, she appeals alleging: (1) that the verdict was contrary to the law and evidence because her special damages amounted to $2,411.82 and (2) that the trial court erred in denying appellant's request to examine jurors individually on voir dire.

The record shows that the trial court called in forty-five new jurors on June 3, 1968, to serve through June 15, 1968. Appellant's case came on for trial on the morning of June 4. At the trial appellant's council stated:

"Second, we request the right to examine them one at a time and I want to say this to the Court, that I don't know any of these jurors personally, with the possible exception of three or four out of the list of forty-five that was handed me yesterday, so in order to find out exactly who they are and what they do I want to examine them one at a time. . ."

The Court in overruling appellant's request to examine the jurors individually stated:

"Overruling that request in the absence of any specific showing of need and I want to call your attention and for the benefit of the record, to the fact it has been the policy of this court now for many months to obtain from the jurors an answered questionnaire available and which is made available to the bar of this district setting forth most of the pertinent information. I'd like to read into the record what it contains.

"Containing the name of the juror, home address and phone number of juror. Marital status, number of children of juror. Occupation and employment of the juror, and employer, the phone number of juror's occupation or employer. The question if you

are not now employed give your last occupation, employer. If married, name and occupation of husband or wife. If you have ever served as a juror before. If you have a claim for personal injuries, if a claim for personal injuries has ever been made against you or any member of your family, and if any member of your family has ever made a claim for personal injuries which is signed by the juror and is available for the bar of this district. The motion or request to Voir dire the jury individually is overruled."

The rights of counsel to examine jurors individually was recently stated in *Tatum* v. *Rester*, 241 Ark. 1059, 412 S. W. 2d 293 (1967), in this language:

"It has long been recognized in this State that 'litigants in civil cases, as well as in criminal cases, have the right to examine the jurors separately in order to determine whether such jurors are subject to challenge for cause, or to elicit information on which to base the right of peremptory challenge, *subject of course to the right of the court to control the extent of such examination, acting in its sound discretion.*'"

The concurring opinion in *Tatum* v. *Rester* expressed it this way:

"Lawyers have the right to question jurors, separately and individually, to determine whether they are subject to challenge for cause, or to elicit information on which to base the right of peremptory challenge. But all this is subject to the right of the court, acting in sound discretion, to control the extent of the examination. Then, too, the court would seem to have the responsibility of moving forward on questions concerning statutory qualifications. See Ark. Stat. Ann. § 39-226 (Repl. 1962)."

We recognize that the trial court here was attempt-

ing to expedite the litigation in his court and that in this endeavor he should be encouraged. However, reluctantly, we find that under the record here, in view of the short notice to counsel of the new jurors called in the evening before, that he abused his discretion in refusing counsel an opportunity to examine the jurors individually. In so holding, however, we do not intimate that a trial court in a civil case must permit counsel to ask the same question of twenty-four jurors.

We find no merit in appellant's contention that the verdict was contrary to the evidence.

Reversed and remanded.